

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00270-CV

———————————————————

DARYL EUGENE POLK, Appellant

V.

DENISE RIVERA POLK, Appellee

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. 34128

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

The trial court entered a protective order against pro se Appellant Daryl Eugene Polk, who is currently residing in the Allred Unit of the Texas Department of Criminal Justice. Appellant sought to appeal, and—after various communications with this court[1]—we informed him that if he intended to pursue a restricted appeal, his brief would be due on or before January 19, 2021.

On January 25, 2021, we received a statement from Appellant, entitled "Appel[l]ant's Statement Showing Cause,"[2] in which he expressed his frustration with both the trial and appellate courts, his suspicion that Appellee had sought the protective order to prejudice him in their pending divorce proceedings, and his exasperation with COVID-19 quarantine restrictions that prevented him from accessing "jailhouse lawyers/writ writers" and the prison law library. Appellant

---

[1]Appellant asked the trial court to grant him an extension of time to file his appeal, and the trial court erroneously purported to grant him a 30-day extension. *See* Tex. R. App. P. 26.3 (authorizing an appellate court—not the trial court—to grant an extension of time to file a notice of appeal). But because Appellant had alleged that he had not participated in the lower court proceedings, we opted to continue the appeal in the event that Appellant was trying to pursue a restricted appeal, which has a longer deadline for filing a notice of appeal. *See* Tex. R. App. P. 26.1(c), 30; *see also Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (setting out restricted appeal elements). *But see* Tex. R. App. P. 25.1(d)(7)(A)–(C) (requiring certain items to be included in the notice of restricted appeal).

[2]We initially construed Appellant's statement, based on its date of filing, as his appellate brief and notified him that if he did not file an amended appellate brief by February 4, 2021, to correct its various deficiencies, we could strike it and dismiss his appeal. *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3.

concluded his statement with, "In Conclusion, for all the forementioned reasons Appellant submits this statement showing cause as to why he withdraws his appeal or at the very least, will allow this appellate court to reach its own decision in the matter[.]"

We may dismiss an appeal in accordance with an appellant's motion to do so. Tex. R. App. P. 42.1(a) (describing voluntary dismissal). We may also dismiss an appeal if, after giving 10 days' notice to all parties, the appellant fails to prosecute the appeal, such as by failing to timely file a brief or by failing to comply with any requirements of our appellate rules of procedure, a court order, or a notice from the clerk requiring a response or other action within a specified time. Tex. R. App. P. 38.8(a)(1) (describing dismissal for failing to timely file a brief), 42.3 (describing involuntary dismissal).

Appellant has not filed a brief and has indicated in his statement showing cause that he does not intend to file one and instead withdraws his appeal. Accordingly, we dismiss his appeal. *See* Tex. R. App. P. 38.8(a)(1), 42.1(a), 42.3, 43.2(f).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: March 25, 2021

3